Commonwealth *v.* Harris, Appellant.

Submitted November 9, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Martin W. Bashoff,* for appellant.

*Richard Max Bockol* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 1, 1971:

On June 27, 1947, appellant, with the advice of counsel, entered a plea of guilty to murder generally, was found guilty of first degree murder and sentenced

to life imprisonment. No post-trial motions were filed and no appeal was taken.

In May, 1966, appellant filed his first petition under the Post Conviction Hearing Act (PCHA), Act of January 25, 1966, P. L. (1965) 1580, §1, as amended, 19 P.S. §1180-1, on the grounds that the three-judge trial court panel refused to hear defense counsel's arguments as to second degree murder which deprived him of due process of law, or in the alternative that the court's consideration of his prior convictions obtained in the absence of counsel was fundamental error, both or either of which required the granting of a new trial. The petition was dismissed without counsel being appointed or a hearing being held, and our Court affirmed per curiam. *Commonwealth v. Harris*, 426 Pa. 605, 230 A. 2d 733 (1967). A second PCHA petition was filed in July, 1968 and dismissed without prejudice. His most recent PCHA petition was filed on February 13, 1970 and was referred for disposition to one of the judges in the original trial panel who ordered that a hearing be held on the issue of the voluntariness of the plea only. That petition alleged, inter alia, that he was denied his right to appeal. Counsel was appointed and a hearing was held before another judge. Appellant testified that he was never informed of his right to appeal nor of his right to counsel on appeal. Appellant's trial counsel testified that he had failed to inform appellant of his appeal rights. The court made no specific finding on this point, but decided all issues raised by the petition, most of which would be cognizable on direct appeal, and dismissed the petition. This appeal followed.

The record of the PCHA hearing clearly shows that the Commonwealth failed to carry its burden of proving that appellant had not been denied his right to appeal and his right to free counsel on appeal if indigent. *Commonwealth ex rel. Johnson v. Rundle*, 440 Pa. 485,

270 A. 2d 183 (1970) ; *Commonwealth v. Ezell,* 431 Pa. 101, 244 A. 2d 646 (1968). This being so, appellant must be given the right to file post-trial motions as though timely filed. *Commonwealth v. Robinson,* 442 Pa. 512, 276 A. 2d 537 (1971) ; *Commonwealth v. Gilmer,* 441 Pa. 170, 270 A. 2d 693 (1970) ; *Commonwealth ex rel. Johnson v. Rundle,* supra; *Commonwealth v. Faison,* 437 Pa. 432, 264 A. 2d 394 (1970).

The order of the court below is reversed. The case is remanded for the filing of such post-trial motions as may be deemed appropriate within 10 days from the date of the entry of this order.

Mr. Chief Justice BELL dissents.