## Commonwealth *v.* Bricker, Appellant.

Submitted March 15, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*John J. Dean* and *Stephen I. Goldring,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, October 12, 1971:

After pleading guilty to murder generally, appellant was found guilty of first degree murder at a degree of guilt hearing held on July 22, 1964, and sentenced to life imprisonment by the Court of Common Pleas of Allegheny County. Appellant filed a Post Conviction Hearing Act* (PCHA) petition on April 3, 1969, al-

---

* Act of January 25, 1966, P. L. (1965) 1580, §1 (as amended), 19 P.S. §1180-1 et seq.

leging, inter alia, that he had not intelligently and voluntarily waived his right to appeal. The hearing court found that appellant had, in fact, been denied his right of appeal, and ordered that appellant be permitted to file an appeal as though timely filed. The hearing court, however, went on to discuss the remaining issues raised in the petition and denied relief as to them.

We have decided in *Commonwealth v. Robinson,* 442 Pa. 512, 515 n.2, 276 A. 2d 537 (1971), and *Commonwealth v. Harris,* 443 Pa. 279, 278 A. 2d 159 (1971) that when it is determined that a defendant has not been properly advised of his right of appeal from a judgment of first degree murder following a plea of guilty to murder generally, the proper practice is for the PCHA court to terminate the hearing and remand the case to the trial court to allow the petitioner to file post-trial motions. See also, *Commonwealth v. Lowery,* 438 Pa. 89, 263 A. 2d 332 (1970); *Commonwealth v. Faison,* 437 Pa. 432, 436 n.4, 264 A. 2d 394 (1970).

Accordingly, we remand this case to the court below so that appellant, with the assistance of counsel, may file post-trial motions within 30 days from the date of the entry of this order. In the event that the court below dismisses such motions, appellant shall be permitted to file an appeal from the judgment of sentence as though timely filed.