## Commonwealth *v.* Green, Appellant.

Submitted April 19, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Henry J. Lotto,* for appellant.

*James T. Owens* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 12, 1971:

The order of the court below is vacated, and the record is remanded with directions to enter an order permitting Willie Green to file within thirty (30) days from the date of entry of this order post-trial motions as if the same were timely filed. If such are filed and

decided adversely to Green, he may then file a direct appeal from the judgment and conviction. *Commonwealth v. Harris,* 443 Pa. 279, 278 A. 2d 159 (1971); *Commonwealth v. Robinson,* 442 Pa. 512, 276 A. 2d 537 (1971); *Commonwealth v. Maloy,* 438 Pa. 261, 264 A. 2d 697 (1970).

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

In 1960, appellant, while represented by counsel, pleaded guilty to murder and was found guilty of murder in the first degree and sentenced to life imprisonment. In 1969, he filed a P.C.H.A. petition, in which counsel averred, as usual, that defendant had never been advised of his right to appeal his conviction or of his right to counsel on appeal, if he were indigent. What is the use of having counsel or pleading guilty while represented by counsel, if ten years later the defendant can assert such patently false or inconsequential reasons for appeal?

I dissent.