Commonwealth *v.* Bricker, Appellant.

Argued March 13, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Harry F. Swanger,* with him *Gordon W. Reiselt,* and *Logan, Sharon & Swanger,* for appellant.

*Louis R. Paulick,* Assistant District Attorney, with him *Robert L. Eberhardt* and *Carol Mary Los,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, October 16, 1974:

Appellant, Robert L. Bricker, was indicted on a bill containing counts of murder and voluntary manslaughter. On June 22, 1964, appellant, represented by court appointed counsel, entered a plea of guilty to murder generally. Immediately thereafter, a degree of guilt hearing was held wherein appellant was found guilty of first degree murder. No post-trial motions were then filed nor appeal taken. A sentence of life imprisonment was imposed.

On April 3, 1969, appellant, pursuant to the Post Conviction Hearing Act[1] (PCHA), filed a petition alleging *inter alia,* that he had not intelligently and voluntarily waived his right to appeal. The hearing court found he had been denied this right and ordered that appellant be permitted to file an appeal as though timely filed. However, that court went on to discuss the remaining issues raised in the petition. Specifically, the PCHA hearing court found appellant's contention that his guilty plea was not knowingly and intelligently entered because it was induced by a coerced confession to be without merit and denied relief upon that ground. An appeal was then taken to this Court, wherein we remanded the case to permit appellant an opportunity to file post-trial motions *nunc pro tunc,* with leave that appellant, should such motions be denied, be permitted to file an appeal from the judgment of sentence. *Commonwealth v. Bricker,* 444 Pa. 476, 282 A.2d 31 (1971).[2]

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §§1, *et seq.,* 19 P.S. §§1180-1, *et seq.*

[2] Therein this Court reiterated what we decided in *Commonwealth v. Robinson,* 442 Pa. 512, 276 A.2d 537 (1971) and *Commonwealth v. Harris,* 443 Pa. 279, 278 A.2d 159 (1971) : ". . . that when it is determined that a defendant has not been properly advised of his right of appeal from a judgment of first degree murder following a plea of guilty to murder generally, the proper practice is for

A motion for new trial challenging the sufficiency of the evidence upon which a finding of first degree murder was based and alleging that his guilty plea was not knowingly and intelligently entered because it was induced by a coerced confession, was filed, argued and denied. This appeal followed.

The evidence produced at the degree of guilt hearing established that on December 26, 1963, appellant telephoned Willie Jenkins, the deceased, in reference to a job that Jenkins had discussed with the appellant. They arranged a meeting that night at 10:00 p.m. at which time Jenkins would pick Bricker up in his automobile at a designated location. To that meeting the appellant carried a loaded .45 calibre automatic revolver. Prior to this rendezvous appellant had discussed on several occasions the possibility of robbing Jenkins with one Michael Ayers. There was also testimony to suggest that appellant had reason to believe that the deceased would have a substantial sum of money with him at the time of the meeting. Upon meeting, the two men drove off in the automobile of the deceased. After a short time appellant inquired of the deceased as to the status of the prospective employment. Jenkins is alleged to have responded, "You are not doing nothing for me, why should I get you a job." Thereupon appellant removed an automatic revolver from his person, fired two shots at the deceased from a distance of approximately two feet. One shot struck the deceased in the chest and the bullet after entering the body entered the top portion of the heart. The second bullet passed through the arm of the deceased, entered the chest and proceeded downward striking the liver. Appellant then pushed the deceased out of the

the PCHA court to terminate the hearing and remand the case to the trial court to allow the petitioner to file post-trial motions." *Commonwealth v. Bricker, supra,* at 478, 282 A.2d at 32.

vehicle and drove from the scene and in so doing unknowingly dragged the deceased for approximately two hundred feet before the body of the deceased became dislodged from the vehicle. When found the wallet of the deceased and loose paper currency had not been removed from the body.

At the degree of guilt hearing the court *en banc* concluded that a finding of murder in the first degree was justified both on a theory of wilfull, deliberate, premeditated murder and under the felony-murder doctrine, the felony being attempted robbery.

The entry of a plea of guilty to murder generally is sufficient in itself to sustain a conviction of murder in the second degree. *Commonwealth v. Alston,* 458 Pa. 412, 317 A.2d 229 (1974); *Commonwealth v. Stokes,* 426 Pa. 265, 232 A.2d 193 (1967); *Commonwealth ex rel. Bostic v. Cavell,* 424 Pa. 573, 227 A.2d 662 (1967). The burden is upon the Commonwealth to establish those elements necessary to raise the crime to murder of the first degree. *Commonwealth v. Markle,* 394 Pa. 34, 37, 145 A.2d 544, 545 (1958).

We have recently said in *Commonwealth v. Alston, supra*: "The factor that distinguishes first degree non-felony murder from murder in the second degree is the specific intent to kill. Commonwealth v. Mosley, 444 Pa. 134, 279 A.2d 174 (1971); Commonwealth v. Hornberger, 441 Pa. 57, 270 A.2d 195 (1970); Commonwealth v. Ewing, 439 Pa. 88, 264 A.2d 661 (1970); Commonwealth v. Commander, 436 Pa. 532, 260 A.2d 773 (1970). A specific intent to kill may be found from the intentional use of a deadly weapon upon a vital part of the body. Commonwealth v. Agie, 449 Pa. 187, 296 A.2d 741 (1972); Commonwealth v. Hornberger, 441 Pa. 57, 270 A.2d 195 (1970). The use of a deadly weapon directed at a vital organ of another human being justifies a factual presumption that the actor intended death unless the testimony contains

additional evidence that would demonstrate a contrary intent." Id. at 415-16, 317 A.2d at 231. We do not find any evidence offered during the degree of guilt hearing that would suggest a contrary intent. We are therefore in agreement with the court *en banc* that there was sufficient evidence to establish the crime of murder of the first degree based upon a theory of a specific intent to kill.

We do, however, have some difficulty in accepting the court *en banc's* alternative theory in support of the first degree murder conviction. Conceding the existence of evidence that on prior occasions the appellant had discussed with one of his companions the possibility of robbing the deceased, there is no evidence to be found in this record suggesting that robbery was his intention on the night in question. The robbery theory is also weakened by the fact that no effort was made by the appellant to remove the money and a watch that the deceased had in his possession nor is there an indication of an occurrence that may explain why he was interrupted in carrying out a design to rob.

Nevertheless, in view of our conclusion that there is a basis for finding wilfull, deliberate and premeditated murder and the court below did in fact make such a finding, this would justify an adjudication of murder in the first degree even though the alternative reason offered may not have been supported by the testimony. We therefore conclude that the appellant's challenge to the sufficiency of the evidence is without merit.

Appellant next alleges that his guilty plea was not knowingly or intelligently entered because it was induced by a coerced confession. The threshold determination is whether the confession in fact was unconstitutionally obtained. *Commonwealth v. Baity*, 428 Pa. 306, 237 A.2d 172 (1968); *Commonwealth v. Garrett*, 425 Pa. 594, 229 A.2d 922 (1967).

The confession was read into the record at the degree of guilt hearing only after a stipulation by defense counsel and the Commonwealth that appellant's ten page statement was voluntarily given. Moreover, appellant stated under oath upon being questioned by his counsel during the degree of guilt hearing that he was not physically abused or coerced into giving his confession and that it was a product of his free will.[3]

During the post-conviction hearing, the appellant sought to introduce testimony to the effect that he was physically abused by police authorities and threatened with the prosecution of his mother if he refused to make a statement. During the post-conviction hearing, appellant's trial counsel testified that he was never told by appellant of this alleged police abuse. The post-conviction court, after reviewing all of the testimony, had ample basis for rejecting the belated claim of coercion and finding a voluntary and wilfull confession.

Appellant also argues that, although the post-conviction hearing court made a finding that the confession was voluntary, it did not expressly rule as to the credibility to be given to the testimony of appellant with reference to his assertions of police misconduct. This contention is also without merit. In *Commonwealth v. Grays*, 428 Pa. 109, 237 A.2d 198 (1968) we stated: "However, a hearing would not have been granted unless the facts alleged in the post-conviction petition, if true, would have entitled appellant to relief. See, e.g., *Commonwealth ex rel. Kern v. Maroney*, 423 Pa. 369, 223 A.2d 706 (1966). Denial of relief below is therefore equivalent, under the circumstances of this

---

[3] Defense counsel: Q. The statement you gave the police here was exactly what you are saying here, is that correct? Appellant: A. Yes, sir. Defense counsel: Q. And it is true? Appellant: A. Yes, sir. Defense counsel: Q. And the boys treated you all right? Appellant: A. Yes, sir.

case, to a trial court finding that appellant's testimony was not sufficiently credible." Id. at 112 n.3, 237 A.2d at 200. It is clear in this instance that the court below rejected appellant's assertions of coercion in reaching its determination that the confession was voluntary. Cf. *LaVallee v. Delle Rose*, 410 U.S. 690 (1973). Under all of the evidence we agree with that finding and appellant's present contention that his plea should be withdrawn must necessarily fail.

Judgment of sentence affirmed.

Mr. Chief Justice JONES, Mr. Justice POMEROY and Mr. Justice MANDERINO concur in the result.