Commonwealth *v*. Drummond, Appellant. (No. 1)

Commonwealth *v*. Drummond, Appellant. (No. 2)

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Argued September 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard J. Conn,* for appellant at Nos. 1140 and 1141.

*Barry H. Oxenburg,* Assistant District Attorney, with him *Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District

Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee at No. 1140.

*Barry H. Oxenburg, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee at No. 1141.

OPINION BY HOFFMAN, J., February 2, 1976:

Appellant is before this Court on two separate appeals. In his two briefs, appellant raises eight issues. Due to the peculiar procedural posture of this case, however, we are precluded from reaching the merits.

The appellant was arrested shortly after an armed robbery of a taxi cab driver in the 2700 block of Croskey Street, Philadelphia, at about 11:00 p.m., on June 1, 1972. The arrest was the product of a tip given to police by three girls who observed appellant and two accomplices running from the scene of the crime into the home of one of the accomplices at 2716 Hemberger Street. Police conducted a warrantless search of the Hemberger Street premises that netted the proceeds of the robbery. During the early morning hours of June 2, a few hours after the arrest, appellant made an inculpatory oral statement. This statement was subsequently reduced to writing and signed by appellant.

Counsel for appellant filed a motion to suppress both the physical evidence seized by the police and the statement given by appellant. On October 3, 1972, Judge BRADLEY (now President Judge), Court of Common Pleas of Philadelphia County, suppressed the physical evidence, but refused to suppress the statement. The Commonwealth did not appeal the court's order.[1] The court

---

1. The standards for judging whether a Commonwealth appeal would have been proper are set forth in *Commonwealth v. Bosurgi,* 411 Pa. 56, 63, 190 A. 2d 304, 308 (1963): "From the point of view of the Commonwealth, two possible situations may arise: (a) the

found that the arrest of the appellant and his accomplices, based on hot pursuit, was legal, but that the seizure of the physical evidence was improper because it exceeded the lawful scope of a search incident to arrest. The court held further that the statements were made voluntarily and were not the product of unnecessary delay or police illegality.

On November 2, 1972, a jury found appellant guilty of aggravated robbery. Appellant was represented throughout the original proceeding by the Philadelphia Defender Association. Immediately prior to the filing of post-trial motions, however, counsel who had tried the case was preparing to begin employment elsewhere. Another attorney from the Defender's office, unfamiliar with the trial, filed only *pro forma* post-trial motions on December 14, 1972. Appellant was thereafter sentenced to a term of one and one-half to ten years' imprisonment. No appeal was taken from the judgment of sentence.

On August 26, 1974, appellant filed a *pro se* PCHA[2] petition. Appellant's present counsel was then appointed and filed an amended petition on November 20, 1974. In that petition, appellant contended that he had been denied his rights to appeal and to be represented by effective trial counsel. On March 18, 1975, after an evidentiary hearing was held, the PCHA court granted appellant the

---

order of suppression will result in a termination and conclusion of the prosecution or (b) while the order of suppression will not result in a termination or conclusion of the prosecution, it will result in a prosecution wherein the Commonwealth is substantially handicapped because it cannot present *all* its available evidence. . . . Without a right of appeal in the Commonwealth in the second situation, the Commonwealth is completely deprived of *any opportunity* to secure an appellate court evaluation of the validity of the order of suppression. . . . [T]o deny the Commonwealth its only opportunity of securing an appellate review to determine whether the evidence was properly suppressed is highly unfair to the Commonwealth and the interests of society which it represents."

2. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. (Supp. 1974).

right to appeal *nunc pro tunc*, but denied the claim of ineffective assistance of counsel. Appellant thereafter filed an appeal, No. 1141, October Term, 1975, (Journal 869/1975 in our Court), in which he challenges that part of the order of the PCHA court which denied his claim of ineffective assistance of counsel.

At the same time, counsel filed an appeal *nunc pro tunc*, pursuant to the order of the PCHA court. The appeal is No. 1140, October Term, 1975, (Journal 1080/ 1975 in our Court). In his brief before this Court, appellant contends that his arrest was illegal; that his statements were the fruit of the unlawful arrest; that his statements were the product of "unnecessary delay"[3] prior to his preliminary arraignment; and that the statements were not voluntary because appellant was experiencing "withdrawal" symptoms from narcotics when he gave the statements.

## I. Appeal No. 1141 (Journal 869)

Appeal No. 1141 (Journal 869/1975) raises three alleged instances of ineffective assistance of counsel: that "a defendant [is] denied effective assistance of counsel where his attorney does not raise an objection to the admission of a statement obtained in violation of Pennsylvania Rule of [Criminal] Procedure 118 [now Rule 130], because he is not aware of developments in the law upon which such an argument would be based"; that he was denied effective assistance of counsel when his attorney failed to ask for a mistrial when a member of the jury revealed that her husband worked for the same company as the complaining witness; and that counsel was ineffective for filing only *pro forma* post-trial motions.

The PCHA court did not reach the second claim because "all averments raised in support of that con-

---

3. See Pa.R.CrimP. 130, formerly 118; *Commonwealth v. Futch*, 447 Pa. 389, 290 A. 2d 417 (1972), and its copious progeny.

tention concern matters which were of record prior to the filing of this . . . petition. . . . Therefore, [appellant's] contention of incompetent or ineffective counsel can be raised on direct appeal where defendant's counsel on appeal will be other than his trial counsel. *Commonwealth v. Dancer*, 460 Pa. 95 [331 A.2d 435] (1975)."

In *Commonwealth v. Dancer*, supra, the Supreme Court stated that "[o]ur Post Conviction Hearing Act and the principles of judgment finality mandate that claims of ineffectiveness of counsel may only be raised in PCHA proceedings 1) where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness, 2) *where the petitioner is represented on appeal by new counsel, but the grounds upon which the claim of ineffective assistance are based do not appear in the trial record,* 3) where the petitioner is able to prove the existence of other 'extraordinary circumstances' justifying his failure to raise the issue, Post Conviction Hearing Act §4 (b) (2), 19 P.S. §1180-4(b) (2) (Supp. 1974) or 4) where the petitioner rebuts the presumption of 'knowing and understanding failure.' Post Conviction Hearing Act §4(c), 19 P.S. §1180-4(c) (Supp. 1974)." 460 Pa. at 100-101, 331 A. 2d at 438. (Emphasis added.) In *Dancer,* appellant did not raise the claim of ineffectiveness on direct appeal, see *Commonwealth v. Dancer*, 452 Pa. 221, 305 A. 2d 364 (1973), but raised it for the first time in a PCHA petition. He alleged five instances of ineffectiveness. Because evidence of four of the claims appeared of record and were thus properly raised on direct appeal, the Court held that Dancer had waived those contentions.

While the PCHA court correctly read *Dancer,* it was precluded from reaching the merits on an additional, more general ground. In *Commonwealth v. Webster,* 464 Pa. —, 353 A.2d 372 (1975), our Supreme Court reiterated that when "a post-conviction court determines that a petitioner is entitled to a direct appeal, no decision

should then be made on other bases alleged therein for post-conviction relief." See *Commonwealth v. Bricker*, 458 Pa. 367, 369, n. 2, 326 A. 2d 279, 280, n. 2 (1974). See also, *Commonwealth v. Harris*, 443 Pa. 279, 278 A. 2d 159 (1971) ; *Commonwealth v. Robinson*, 442 Pa. 512, 276 A. 2d 537 (1971). "This procedure is preferable since it allows all of the complaints that may be raised to be disposed of in one action." 464 Pa. at —, 353 A. 2d at 374. Thus, once the court granted appellant the right to appeal *nunc pro tunc*, the court properly denied further relief. The order of the court was proper and we affirm.

## II.   Appeal No. 1140 (Journal 1080)

Appeal No. 1140 is an appeal *nunc pro tunc* pursuant to the order of the PCHA court. Appellant raises five contentions relating to the legality of his arrest and the admissibility of his incriminating statements. He does not allege ineffective assistance of counsel as a basis for relief.[4]

------

4.   Specifically, appellant contends that "the arrest of a suspect to a robbery [is] unlawful where made two hours after the crime and where the only description upon which the arrest is made is that 'three Negro males' committed the crime.

"2... [T]he arrest of a suspect to a robbery [is] unlawful where made during the search of a house by police without a warrant, where that suspect is lawfully on the premises.

"3... [A]n incriminating statement by an accused [should] be suppressed where it is the fruit of an unlawful arrest.

"4.... [A]n incriminating statement by an accused [should] be suppressed where taken after he initially refused to make a statement and he was not given a preliminary arraignment for more than twenty-four hours after his arrest, where the statement was taken six hours after that arrest.

"5.... [A]n incriminating statement [should] be suppressed as involuntary where it was taken after several hours of questioning while an accused was withdrawing from drugs, and where the accused was threatened with prosecution for several crimes if he did not admit guilt to the crime being investigated."

Pennsylvania Rule of Criminal Procedure 1123, Post-Verdict Motions, requires that "(a) . . . Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. . . .

"(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: . . . (3) that only the grounds contained in such motions may be raised on appeal." Failure to raise a claim in post-trial motions constitutes a waiver. See, e.g., *Commonwealth v. Riley,* 462 Pa. 190, 340 A.2d 427 (1975); *Commonwealth v. Clair,* 458 Pa. 418, 326 A. 2d 272 (1974); *Commonwealth v. Agie,* 449 Pa. 187, 296 A. 2d 741 (1972).

The Commonwealth correctly points out that appellant failed to raise in post-trial motions any of the issues now raised on direct appeal. Therefore, those issues are not properly before us under the express terms of Rule 1123. It is true that counsel has alleged in the appeal from the PCHA court's order (J. 869/1975—No. 1141) that trial counsel was ineffective because he filed only *pro forma* post-trial motions. As discussed above, however, that is a matter to be raised on direct appeal. Because counsel has not raised the issue of ineffectiveness in his direct appeal (No. 1140), we cannot consider it.

Appellant is not without remedy from what appears to be a Gordian knot. Failure of appellate counsel to preserve properly a meritorious issue can in and of itself provide the basis for relief. Such an eventuality was noted in *Commonwealth v. Dancer,* supra at 101, n. 4, 331 A. 2d at 438 n. 4: "Under these standards, it is clear that a petitioner may contest the ineffectiveness of direct-appeal counsel in a PCHA proceeding. See *Commonwealth ex rel. Neal v. Myers,* 424 Pa. 576, 227 A. 2d 845 (1967)."

Thus, we affirm the order of the PCHA court, appeal No. 1141, and the judgment of sentence, appeal No. 1140.

PRICE, J., concurs in the result.