380 A.2d 357

**COMMONWEALTH of Pennsylvania**

v.

**Clifton FAUNTROY, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 29, 1976.

Decided Dec. 1, 1977.

Suzanna F. Mottola, Carol J. Clarfeld, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Mark Sendrow, Asst. Dist. Atty., Asst. Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant, Clifton Fauntroy, was found guilty in November, 1973, of murder in the first degree and conspiracy. Post-trial motions were denied, and a judgment of sentence of life imprisonment was imposed on the murder charge;

sentence on the conspiracy charge was suspended. No timely appeal from the judgment of sentence was taken.

■ In January, 1976, appellant filed a petition under the Post-Conviction Hearing Act[1] alleging that he had been denied his rights relative to appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Finding that the Commonwealth had not shown that Fauntroy had waived his appellate rights, the PCHA court granted him leave to file an appeal *nunc pro tunc* and denied all other relief. Appellant then took this appeal,[2] which the record reveals to be from the order of the PCHA court, not from the judgment of sentence.

■ It is evident from an examination of the briefs filed on appellant's behalf that he intended by this appeal to challenge both the judgment of sentence on the murder conviction (which had been entered only after post-trial motions had been filed and denied) and the denial by the PCHA court of his request for collateral relief other than recognition of his appellate rights.[3] We have in this case overlooked the procedural irregularities[4] and, having care-

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.,* 19 P.S. § 1180–1 *et seq.* (Supp. 1977–1978).

2. The appeal was erroneously taken to the Superior Court, which transferred it to this Court. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1977); *id.* § 503(b), 17 P.S. § 211.503(b) (Supp. 1977).

3. The only such request was one for a new trial on the ground of after-discovered evidence in the form of a recantation. *See* Post-Conviction Hearing Act, *supra* note 1, § 3(13), 19 P.S. § 1180–3(13) (Supp. 1977–78). Fauntroy's testimony at the post-conviction hearing was clearly insufficient to warrant any relief on that ground. Normally, the PCHA court should not have taken any action on this claim, since it had already found that Fauntroy was entitled to an appeal *nunc pro tunc. Commonwealth v. Bricker,* 444 Pa. 476, 282 A.2d 31 (1971); *Commonwealth v. Webster,* 466 Pa. 314, 319, 353 A.2d 372 (1975). But in this case the after-discovered evidence claim was not presented to the trial court as part of post-trial motions, and it was therefore proper for the PCHA court to act.

4. It is possible that appellant was to some extent misled by the wording of the PCHA court's order.

fully considered the arguments made by appellant in his briefs, find them to be without merit.[5]

Judgment of sentence affirmed; order of the court of common pleas denying post-conviction relief affirmed.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Judge, concurring.

I agree with the majority that appellant's claims are without merit and judgment of sentence should be affirmed. I cannot agree, however, with the majority's suggestion that appellant should not have raised his claim based on after-discovered evidence in this appeal from judgment of sentence, but instead should have raised the claim in a separate appeal from the denial of post-conviction relief.

The post-conviction hearing court ruled that appellant should be allowed to file an appeal as if timely filed from judgment of sentence. Having decided that appellant was entitled to a direct appeal, the hearing court should not have addressed any other claims raised in the petition for post-conviction relief:

> "[W]here a post-conviction court determines that a petitioner is entitled to a direct appeal, no decision should then be made on other bases alleged therein for post-conviction relief. See *Commonwealth v. Bricker*, 458 Pa. 367, 369 n.2, 326 A.2d 279, 280 n.2 (1974). See also, *Commonwealth v. Harris*, 443 Pa. 279, 278 A.2d 159 (1971); *Commonwealth v. Robinson*, 442 Pa. 512, 276 A.2d 537 (1971). This procedure is preferable since it allows all of the complaints that may be raised to be disposed of in one action."

**5.** The appellant's assignments of trial error which he advances in support of his direct appeal include insufficiency of evidence to sustain a conviction of murder in the first degree and conspiracy, admission of hearsay statements by alleged co-conspirators without proper foundation, failure of the court to direct an acquittal in this case in light of a jury acquittal of a co-conspirator, prejudice to appellant in permitting the jury to know of the verdict of not guilty which had been rendered in favor of one of the co-conspirators, and allegedly improper remarks by the prosecuting attorney in his closing address.

*Commonwealth v. Webster*, 466 Pa. 314, 319, 353 A.2d 372, 374 (1976). I fail to see any reason why, when the post-conviction hearing court incorrectly proceeds after granting a direct appeal to hear a claim raised in the petition, the error should be compounded by requiring the defendant to ignore the claim in his direct appeal, and instead raise it in a separate appeal from the denial of post-conviction relief.

In keeping with the policy of allowing all of a defendant's claims to be disposed of in one action, see *Commonwealth v. Webster*, id., we have sought to ensure that any claims which can be raised in post-conviction proceedings may also be raised in a direct appeal. Thus, we require a defendant to raise issues in the direct appeal, even though the facts upon which those claims are based were not before the trial court when the defendant was found guilty or his plea of guilty was accepted. See *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975) (challenge to the validity of a guilty plea should be raised on direct appeal); [1] *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975) (claim that trial counsel was ineffective must be raised on direct appeal).

In particular, our cases recognize that the claim at issue here, that a new trial should be granted on the basis of after-discovered evidence, can be raised on direct appeal. See, e. g., *Commonwealth v. Miller*, 465 Pa. 458, 350 A.2d 855 (1976); *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. Mosteler*, 446 Pa. 83, 284 A.2d 786 (1971); *Commonwealth v. Bulted*, 443 Pa. 422, 279 A.2d 158 (1971); cf. Pa.R.Crim.P. 1123(d) (motion for a new trial on the basis of after-discovered evidence should be filed in post-verdict motions).

Requiring that these issues be raised on direct appeal conserves judicial resources, and ensures that a defendant is not required to wait until a direct appeal is decided before he can raise a claim which entitles him to relief. Therefore,

1. The rule requiring that all issues be raised in a direct appeal applies with equal force when appellant has been granted leave to file an appeal as if timely filed. See *Commonwealth v. Bricker*, 458 Pa. 367, 326 A.2d 279 (1974) (validity of guilty plea raised after defendant was given leave to file post-trial motions as if timely filed).

it was proper for appellant to raise his objection to the post-conviction court ruling on his after-discovered evidence claim in this direct appeal. The majority's suggestion requires needless paperwork by counsel and the courts.[2] All issues which can be raised in a direct appeal should be, and there is no need to take a separate appeal from the denial of post-conviction relief.

2. Failure to raise an issue on a direct appeal may prevent an appellant from raising the issue in a later post-conviction proceeding. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580 § 4(b)(1), 19 P.S. § 1180–4(b)(1) (Supp. 1977). I do not believe the majority would find the issue waived when, although it is not raised in the direct appeal, it is raised in a simultaneous appeal taken from the denial of post-conviction relief. Even so, counsel would be ill-advised to follow the majority's suggestion and fail to raise an issue in the direct appeal.