417 A.2d 739

**COMMONWEALTH of Pennsylvania**

v.

**William LAMBETH, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 1979.

Filed Dec. 28, 1979.

Anita M. Cohen, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

After trial by a three-judge panel pursuant to a waiver of jury, William Lambeth was found guilty of murder of the first degree and two related weapons charges. His motion for post-verdict relief was refused and from subsequent sentences he has taken a direct appeal. He alleges insufficiency of the evidence to sustain the verdict and ineffectiveness of trial counsel. The latter issue was not raised before the trial court.

■ Insofar as the sufficiency of the evidence is concerned, we fully agree with the opinion of the trial court regarding this issue. We have carefully reviewed the evidence and have concluded that the record supports the verdict. *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976); *Commonwealth v. Moore*, 473 Pa. 169, 373 A.2d 1101 (1976).

■ On the issue of alleged inefficiency of counsel we must remand. In his opening statement trial counsel stated he would present evidence to establish that there was a prior argument between defendant and the victim and that the victim made threats against defendant. However, no evidence was presented. Neither was argument made to attempt to bring about a verdict of guilty of a lesser degree of homicide. On the record, the fact finders had little alterna-

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

tive. In passing on the claim of ineffective assistance of counsel, the simple question before the court is whether counsel's choice of strategy had some reasonable basis designed to effectuate his client's interest. *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1973); *Commonwealth v. Hudson*, 455 Pa. 117, 314 A.2d 231 (1973). While we can see no basis, counsel should be afforded the opportunity to explain his choice of strategy at an evidentiary hearing.[1]

It is also contended that ineffectiveness is demonstrated by counsel's failure to present character testimony on behalf of defendant, who had no prior criminal record. Counsel may well have a logical reason for such inaction but the record, of course, is silent.

For the reasons we have indicated, the judgments of sentence are vacated and the case is remanded for an evidentiary hearing. If ineffectiveness of counsel is established, a new trial shall be granted; if trial counsel's assistance was not ineffective, the judgments of sentence shall be reinstated.

Judgments of sentence vacated and case remanded for proceedings consistent with this opinion.

---

1. It is contended that counsel was ineffective for withdrawing a pre-trial motion to suppress a statement. Since the Commonwealth did not introduce the statement, we cannot fault counsel's decision to withdraw the motion.