449 A.2d 58

**COMMONWEALTH of Pennsylvania,**

v.

**James R. TRUSS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Aug. 6, 1982.

Mark S. Refowich, Easton, for appellant.

Michael Vedomsky, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

In this appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Northampton County, it is contended by the defendant-appellant, James R. Truss, that it was error to permit into evidence the confessions of a minor who had not been advised at the time of his interrogation by the police that he had the right to have an informed adult, parent or counsel present during the questioning. The contention is also made that the confession should have been suppressed for that reason. The suppression hearing judge refused to suppress the confession. We agree with the defendant and would suppress the confession and grant a new trial.

The facts are as follows: On February 9, 1978, a series of burglaries were reported in the Easton, Pennsylvania area. The defendant was one of those suspected of being involved. An Easton police detective accosted the defendant on the street and he agreed voluntarily to go to police headquarters. At headquarters he was read his *Miranda* rights and after interrogation, made a full oral and written confession. At no time was he ever advised that he had a right to have an adult, parent or counsel present. He was routinely asked his age and responded that he was born January 2, 1960 which was the same date that appeared in police files and which made him eighteen years of age at the time of questioning. However, the trial court found as fact that at the time of questioning he was actually 17 years of age having been born on February 25, 1960 which made him a juvenile. The juvenile records disclosed that that was the

correct birth date but police failed to check the juvenile records prior to questioning.

The court below held that:

"In the instant case the police did check Defendant's age—not once, but twice—through his own statement to police and through prior police records. In both instances the police received information that Defendant was born on January 2, 1960, and was therefore eighteen years of age at the time of questioning. We believe this is all the police can reasonably be required to do. We believe that if the police diligently make a good faith attempt to ascertain a suspect's age, and if information from two separate sources including the Defendant himself indicates that Defendant is an adult, the police should be entitled to rely on this information in not giving the extra juvenile warnings."

This disposition by the court below seems logical and good common sense and prevents a juvenile from taking advantage of the situation by falsifying his age to delay or thwart the administration of justice.

However, Pennsylvania law as enunciated by the Supreme Court has held that: "A juvenile cannot effectively waive *Miranda* rights absent an opportunity to consult with an interested and informed parent, adult or counsel. Statements made by a juvenile without this protection must be suppressed." *Commonwealth v. Walker*, 477 Pa. 370, 383 A.2d 1253 (1979). In *Commonwealth v. Markle*, 475 Pa. 266, 380 A.2d 346 (1977), a juvenile's statement to the police made without being informed that as a juvenile he had a right to consult with a parent, adult or counsel must be suppressed. See also, *Commonwealth v. Veltre*, 492 Pa. 237, 424 A.2d 486 (1980) [Affirmed on a divided court]; *Commonwealth v. Gaskins*, 471 Pa. 238, 369 A.2d 1285 (1977); *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977).

From these cases, the suppression of the confession is a mandatory requirement as set forth in *Commonwealth v. Walker*, supra, and *Commonwealth v. Markle*, supra, with the only exception being the equally divided affirmance in

*Veltre*, supra. See also, *Commonwealth v. Henderson*, 496 Pa. 349, 437 A.2d 387 (1981).

We need not discuss the contention concerning the court's charge to the jury because of our disposition as set forth in this opinion.

Under the circumstances, we reluctantly reverse and direct that the oral and written confessions of the juvenile-defendant be suppressed; and hereby grant a new trial.