473 A.2d 637

**COMMONWEALTH of Pennsylvania**

v.

**John R. TRUSS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed March 23, 1984.

1. In view of the dispositive *Hionis* issue, we need not address the issue of whether the broker acted as an agent of Aetna.

Mark S. Refowich, Easton, for appellant.

Michael Vedomsky, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before PRICE *, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

In *Commonwealth v. Truss,* 303 Pa.Superior Ct. 22, 449 A.2d 58 (1982), we held that it was error to permit into evidence the confessions of a minor who had not been advised at the time of his interrogation by the police that he had the right to have an informed adult, parent or counsel present during the questioning. The suppression of the confessions had also been refused by the Suppression Judge.

He had been asked his age by the questioning police and he responded that he was born January 2, 1960, which made him eighteen years of age and an adult. The police checked his age in prior police records which showed he was an adult at the time. However, his proper age was recorded in the Juvenile Court records as February 25, 1960, which made him a juvenile at the time of the interrogation and the police had not checked the juvenile records.

The trial court held that "in the instant case the police did check defendant's age—not once—but twice—through his own statement to the police and through prior police records. In both instances the police received information that defendant was born on January 2, 1960 and was, therefore, eighteen years of age at the time of questioning. We believe this is all the police can reasonably be required to do. We believe that if the police diligently make a good

---

* The late Honorable Gwilym A. Price, Jr. did not participate in the consideration and decision of this case.

faith attempt to ascertain a suspect's age, and if information from two separate sources including the Defendant himself indicates that Defendant is an adult, the police should be entitled to rely on this information in not giving the extra juvenile warnings."

We said "This disposition by the court below seems logical and good common sense and prevents a juvenile from taking advantage of the situation by falsifying his age to delay or thwart the administration of justice."

However, we felt bound, especially by *Commonwealth v. Walker*, 477 Pa. 370, 383 A.2d 1253 (1978) and *Commonwealth v. Markle*, 475 Pa. 266, 380 A.2d 346 (1977) wherein the suppression of the confession was found to be a mandatory requirement with the only exception being the equally divided affirmance in *Commonwealth v. Veltre*, 492 Pa. 237, 424 A.2d 486 (1980), so that under the circumstances we reluctantly reversed and directed that the oral and written confessions of the juvenile-defendant be suppressed; and thereby granted a new trial.

On appeal to the Supreme Court, the following Judgment was entered at No. 1 E.D. Appeal Docket, 1983 on December 1, 1983:

"ON CONSIDERATION WHEREOF, it is now ordered and adjudged by this Court that the Order of the SUPERIOR COURT, be, and the same is hereby vacated and the record is remanded to the Superior Court for the Disposition of any remaining claims of error."

The only remaining issue raised for disposition by the defendant is that: "The court erred when it instructed the jury after the jury appeared deadlocked that if the jury could not agree as to a verdict, the Defendant would have to go through a second trial and that this would be costly and time consuming and, therefore, the verdict obtained as a result thereof constituted a coerced verdict."

The testimony in this case took only two hours and after the jury had deliberated for four hours, they returned to the courtroom and the court asked whether they had any ques-

tions. They said that they had difficulty in arriving at a verdict. The judge then said: "Let me point out to you as a jury, chosen after you were screened by both sides and questioned in a voir dire if this jury does not arrive at a verdict, the case will have to be tried again in front of another jury, added expenses, added problems."

In *Commonwealth v. Gartner*, 475 Pa. 512, 381 A.2d 114 (1977), a homicide case, the Supreme Court speaking through Mr. Justice Roberts, held that it was not reversible error to refer briefly to inconvenience of a new trial which would be necessitated by failure to obtain a verdict.

Judgment of sentence affirmed.