J. S71035/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
:
:
LARRY MARKLE, :
:
Appellant : No. 513 MDA 2014

Appeal from the PCRA Order February 12, 2013
In the Court of Common Pleas of York County
Criminal Division No(s).: CP-67-CR-0001337-1975

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED DECEMBER 24, 2014**

Appellant, Larry Markle, appeals from the order dismissing as untimely his third Post Conviction Relief Act[1] (PCRA) petition seeking relief, in light of ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), from a mandatory sentence of life imprisonment imposed on October 29, 1979. Appellant's counsel has filed a petition to withdraw from representation and a no-merit letter in this Court.[2] In response to counsel's filings, Appellant has filed a *pro se* appellate brief, as well as motions seeking leave to proceed *pro se* and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

remand to supplement counsel's Pa.R.A.P. 1925(b) statement. In his *pro se* filings, Appellant asserts he is entitled to resentencing based on **Miller** and also suggests that Pennsylvania's implementation of **Miller** violates federal and state constitutional protections. We deny counsel's petition to withdraw and remand this case for further proceedings consistent with this memorandum.

Appellant was charged with murder and related offenses for shooting and killing a customer with a shotgun while attempting to rob a grocery store on October 9, 1975. Appellant was seventeen years old when he committed the underlying acts.

At his first trial, Appellant waived his right to a jury. The trial court found him guilty of murder of the first-degree and sentenced him to a mandatory sentence of life imprisonment. On direct appeal, the Pennsylvania Supreme Court held Appellant's statements to police should have been suppressed, reversed the judgment of sentence, and remanded the case for new trial. **Commonwealth v. Markle**, 380 A.2d 346 (Pa. 1977).

Following remand, Appellant exercised his right to a jury for his second trial. On January 27, 1978, the jury found him guilty of murder of the second degree and related offenses. On October 29, 1979, the trial court

sentenced Appellant to an mandatory term of life imprisonment without parole.[3]  Appellant did not take a direct appeal.

Appellant filed several *pro se* petitions collaterally challenging his conviction, but no orders disposing of those petitions were entered.  On April 5, 1989, the PCRA court received Appellant's first *pro se* PCRA petition.  The court held an evidentiary hearing on May 2, 1990, and that same day, denied the petition.  This Court affirmed.  ***Commonwealth v. Markle***, 125 Harrisburg 1991 (unpublished memorandum) (Pa. Super. Sept. 6, 1991).

On July 6, 2010, the PCRA court received Appellant's second *pro se* PCRA petition requesting relief under ***Graham v. Florida***, 560 U.S. 48 (2010).[4]  On September 10, 2010, the PCRA court dismissed the petition after providing notice under Pa.R.Crim.P. 907.  This Court affirmed.  ***Commonwealth v. Markle***, 1678 MDA 2010 (unpublished memorandum) (Pa. Super. Aug. 25, 2011).

On July 25, 2012, the PCRA court received the underlying *pro se* PCRA petition, Appellant's third.  Appellant asserted he was entitled to relief under ***Miller***, which was decided one month earlier, on June 25, 2012.  The court

---

[3] The trial court also imposed a concurrent sentence of ten to twenty years' imprisonment for robbery.  On December 4, 1979, and in response to Appellant's post-sentence motion, the trial court modified that sentence to a concurrent term of five to ten years' imprisonment.

[4] ***Graham*** held that the Eighth Amendment of the United States Constitution prohibits sentences of life without parole for juvenile non-homicide offenders.  ***Graham***, 560 U.S. at 75.

appointed counsel, and the parties agreed to a continuance to await the Pennsylvania Supreme Court's decision in **Commonwealth v. Cunningham**, 51 A.2d 178 (Pa. Aug. 6, 2012) (granting allowance of appeal).

On October 31, 2013, the Pennsylvania Supreme Court decided **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), and held that **Miller** does not apply retroactively for PCRA purposes to juvenile offenders whose conviction became final before **Miller**. **Cunningham**, 81 A.3d at 11. On December 7, 2013, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition in light of **Cunningham**. In response, Appellant filed a counseled request to amend his petition and an amended petition seeking PCRA relief or the issuance of a writ of *habeas corpus*.[5] The court accepted the amended petition and on February 12, 2014, entered an order and opinion denying Appellant's PCRA petition and request for *habeas corpus* relief. Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement.

As noted above, Appellant's appointed counsel has submitted a petition to withdraw and a no-merit letter in this Court. Appellant, in response, has filed various *pro se* motions and a brief in support of his requests for relief.

---

[5] Section 6503 of the Judicial Code codifies the right to apply for a writ of *habeas corpus*. **See** 42 Pa.C.S. § 6503.

Preliminarily, we consider whether counsel has complied with the procedures to withdraw from representation. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012).

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [**Turner**, **supra** and **Finley**, **supra** and] . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> *       *       *
>
> [W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw[.]

**Id.** (citation omitted). The failure of counsel to address issues a petitioner intended to raise will result in the rejection of the petition to withdraw. **See Commonwealth v. Glover**, 738 A.2d 460, 465 (Pa. Super. 1999).

Instantly, counsel has complied with the procedural requirements of **Turner**/**Finley**. Therefore, we will independently review counsel's assessment of the issues Appellant intended to raise.

In his no-merit letter, counsel identified Appellant's intended challenge to "the constitutionality . . . of life without parole sentences regarding homicide when at the time of the offence [sic] the defendant was a juvenile." *See* No-Merit Letter, 8/14/14, at 2. Counsel concluded that in light of *Cunningham*, the PCRA court was "bound to follow the current state of the law . . . as interpreted by the Pennsylvania Supreme Court."[6] *Id.*

In his *pro se* response to counsel's no-merit letter, Appellant asserted that "*Miller* is substantive and applies retroactively on both federal and state grounds." Appellant's *Pro Se* Brief at 7. He further argued his sentence violated "both the United States and Pennsylvania Constitutions because two classes of prisoners sentenced to mandatory life without parole are treated differently." *Id.* According to Appellant, such claims "may be reviewed either under the [PCRA] or under Pennsylvania's constitutional and statutory guarantee of habeas corpus." *Id.*

When reviewing counsel's assessment that this appeal lacks merit, we are mindful that

> [o]ur standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The

---

[6] The PCRA court concluded Appellant was not entitled to relief because *Cunningham* held that *Miller* does not apply retroactively. PCRA Ct. Op., 2/14/12, at 2-3. The court held Appellant's petition was untimely filed under the PCRA, and, in the alternative, that *Miller* did not provide a basis for granting relief under the *habeas corpus* statute. *Id.*

> PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted). "[W]e may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm." ***Commonwealth v. Blackwell***, 936 A.2d 497, 499 (Pa. Super. 2007) (citation omitted).

We first address whether Appellant's petition was timely filed under the PCRA.

> [N]o court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."
>
> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.[ ] § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:
>
>> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.[ ] § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims."

*Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006) (some citations omitted).

To prove a timeliness exception under 42 Pa.C.S. § 9545(b)(1)(iii), a petitioner must demonstrate two elements. *Commonwealth v. Seskey*, 86 A.3d 237, 242 (Pa. Super. 2014) (citation omitted), *appeal denied*, 2014 WL 5096348 (Pa. Sep. 30, 2014). First, Subsection 9545(b)(1)(iii) requires that the United States or the Pennsylvania Supreme Court recognize a constitutional right. *Id.* at 242-43. Second, the right must have been held by "that court" to apply retroactively before a petition is filed. *Id.*

Instantly, there is no dispute that Appellant's instant petition was untimely on its face. Nevertheless, Appellant asserts that *Miller* should be held to be retroactive under federal or Pennsylvania law and, therefore, he is entitled to a time-bar exception under Subsection 9545(b)(1)(iii). In

support, Appellant observes, *inter alia*, that the United States Supreme Court, in **Miller**, applied similar constitutional principles to two defendants, Evan Miller, whose conviction had not become final, and Kuntrell Jackson, whose conviction was final but challenged on collateral post-conviction review. Appellant's *Pro Se* Brief at 29.

We agree with the PCRA court's and counsel's assessments that Appellant's arguments with respect to the PCRA time-bar lack merit. We are bound by the precedents established by the Pennsylvania Supreme Court in **Cunningham** and this Court in **Seskey**. We emphasize that Appellant's arguments that **Miller** **should** be applied retroactively do not state a PCRA time-bar exception under 42 Pa.C.S. § 9545(b)(1)(iii). **See Seskey**, 86 A.3d at 243. We also note that the Pennsylvania Supreme Court, in **Cunningham**, acknowledged the procedural posture of **Jackson**, but found that procedural history irrelevant to a retroactivity analysis of **Miller**. **See Cunningham**, 81 A.3d at 9. Therefore, under the present law of this Commonwealth, we are constrained to conclude that neither the United States Supreme Court nor the Pennsylvania Supreme Court has announced a new right that "has been held by that court to be retroactive." **See** 42 Pa.C.S. § 9454(b)(1)(iii). Accordingly, the PCRA court properly concluded that **Miller** did not provide a basis to avoid the PCRA time-bar under Subsection 9545(b)(1)(iii).

As to Appellant's arguments that the *habeas corpus* statute provides an alternative means to consider his constitutional claims based on **Miller**, we conclude no relief is due. The Pennsylvania Supreme Court has explained:

> The legislature has clearly directed that the PCRA provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including habeas corpus. **See** 42 Pa.C.S. § 9542 . . . . As certain penalty phase claims, which are not waived or otherwise forfeited are cognizable on traditional habeas corpus review, section 9542 plainly requires that they must be considered exclusively within the context of the PCRA. Such claims could not be legislatively foreclosed, since the Pennsylvania Constitution provides, with limited exceptions not here applicable, that the privilege of the writ of habeas corpus shall not be suspended.
>
> Given that the choice was between a unified statutory procedure or bifurcated review having statutory and common law components, it seems clear that the General Assembly intended to channel all claims requiring review through the framework of the PCRA. . . . .

**Commonwealth v. Chester**, 733 A.2d 1242, 1250-51 (Pa. 1999) (some citations omitted), *abrogated on other grounds by* **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002). Thus,

> [u]nless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations and footnote omitted).

Appellant's present claim—*i.e.*, that his sentence "resulted from a violation of" the constitutions or laws of the Commonwealth or the United States in light of *Miller*—is cognizable under the PCRA, but procedurally defaulted by the time-bar. **See** 42 Pa.C.S. §§ 9543(a)(2), 9545(b)(1)(iii); *Chester* 733 A.2d at 1251. We further note that the Pennsylvania Supreme Court has abrogated equitable exceptions to the operation of the PCRA time-bar. **See Commonwealth v. Eller**, 807 A.2d 838, 845 (Pa. 2002). Accordingly, we discern no merit to Appellant's argument that the *habeas corpus* statute provides a means to litigate his **Miller** claims.[7] **See Taylor**, 65 A.3d at 465-66.

Appellant's last two issues subsume several related arguments. Rather than claiming relief based on **Miller**, he argues he is entitled to relief in light of **Cunningham**. Specifically, he asserts that Pennsylvania's implementation of **Miller** gives rise to independent claims that his sentence violates state and federal constitutional guarantees of equal protection and against cruel and unusual punishments. According to Appellant, his post-

---

[7] In any event, we agree with the PCRA court that even if a petitioner could raise a **Miller** claim under the *habeas corpus* statute, **Cunningham** would preclude a court from granting relief where the conviction became final before **Miller** was announced.

*Cunningham* constitutional claims are cognizable and timely presented under the PCRA, or should be addressed under the habeas corpus statute.

Assuming *arguendo* that claims based on *Cunningham* are cognizable under the PCRA, we discern no merit to Appellant's suggestion that *Cunningham* creates an exception to the PCRA time-bar under 42 Pa.C.S. § 9545(b)(1)(iii). *Cunningham* did not announce a new constitutional right. Rather, *Cunningham* conducted a narrow review of the right already recognized in *Miller* and held that *Miller* was not retroactive for the purposes of post-conviction relief. *Cunningham*, 81 A.3d at 11. Accordingly, the *Cunningham* decision does not trigger the time-bar exception under Subsection 9545(b)(1)(iii), and Appellant's claims are untimely and cannot be considered under the PCRA. *See Seskey*, 86 A.3d at 242-43.

With respect to Appellant's alternative contention that the *habeas corpus* statute affords a remedy for his collateral challenge based on *Cunningham*, we note that this claim was preserved in the counseled amended petition that was accepted by the PCRA court. *See* Am. Pet. for Habeas Corpus Relief under Article I, Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief under the Post Conviction Relief Act, 1/7/14, at 14-19. Moreover, Appellant's *pro se* brief in this appeal contains citation to legal authority and principles. *See* Appellant's *Pro Se* Brief at 29-30.

However, Appellant's *pro se* argument to this Court fails to consider, or establish, that the instant claims based on **Cunningham** are not cognizable under the PCRA or that the PCRA provides no possibility of relief. **See Taylor**, 65 A.3d at 465-66. Consequently, he does not advance a meaningful argument that his claims give rise to an independent action under the *habeas corpus* statute.

We recognize a petitioner's failure to argue that the PCRA did not provide a remedy results in waiver of a claim that *habeas corpus* relief is available. **See Seskey**, 86 A.3d at 244. We are further mindful that present counsel was appointed under the rule-based right to counsel for the purposes of litigating a PCRA petition. **See** Pa.R.Crim.P. 904. Nevertheless, in conducting our review of counsel's no merit letter, we have discerned an issue that was raised by counsel in the PCRA court, but was not addressed in his present attempt to withdraw under **Turner**/**Finley**. Furthermore, we are not convinced that Appellant's constitutional claims in light of **Cunningham** lack arguable merit, or that his assertion that *habeas corpus* relief may be available are frivolous. **See Cunningham**, 81 A.3d at 18 (Castille, C.J., concurring) (noting "it is not apparent that such a state constitutional claim [to afford global retroactive effect to **Miller**] is cognizable under the PCRA [and] there is at least some basis in law for an argument that the claim is cognizable via a petition under Pennsylvania's habeas corpus statute[.]"). **But see Seskey**, 86 A.3d at 244 (Strassburger, J., concurring) (suggesting

petitioner's claims based on **Cunningham** properly dismissed as untimely PCRA petition).

Therefore, we deny counsel's petition to withdraw and direct counsel to file either an amended no-merit letter or an advocate's brief within sixty days of the filing of this memorandum. Counsel shall address whether the PCRA court erred in dismissing Appellant's request to consider his equal protection and cruel and unusual punishment claims under the *habeas corpus* statute. The Commonwealth may submit an amended appellee's brief.

In light of our disposition, we dismiss Appellant's *pro se* motions to dismiss counsel, proceed *pro se*, and remand for the filing of a supplemental Pa.R.A.P. 1925(b) statement without prejudice to renew his requests in the PCRA court. If Appellant wishes to proceed *pro se*, he shall file a motion to do so in the PCRA court. The PCRA court shall conduct a **Grazier**[8] hearing to ensure his waiver of counsel is knowing, intelligent and voluntary and advise this Court of Appellant's election.

Case remanded. Counsel's petition to withdraw denied. Appellant's *pro se* motion "to Dismiss Court-appointed Counsel, Proceed *Pro Se* on Appeal, and Remand to file an Amended or Supplemental Concise Statement of Matters Complained of on Appeal *Nunc Pro Tunc*" dismissed without prejudice. Panel jurisdiction retained.

---

[8] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).