**[J-89A-2015 and J-89B-2015] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 694 CAP |
| | : | |
| Appellant | : | Appeal from the Order entered on |
| | : | 12/30/2013 in the Court of Common |
| | : | Pleas, Criminal Division of Philadelphia |
| v. | : | County at Nos. CP-51-CR-0417523- |
| | : | 1992, CP-51-CR-0417792-1992 and |
| | : | CP-51-CR-0418063-1992 |
| CHRISTOPHER WILLIAMS, | : | |
| | : | SUBMITTED: January 20, 2016 |
| Appellee | : | |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 695 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | 12/30/2013 in the Court of Common |
| | : | Pleas, Criminal Division of Philadelphia |
| v. | : | County at Nos. CP-51-CR-0417523- |
| | : | 1992, CP-51-CR-0417792-1992 and |
| | : | CP-51-CR-0418063-1992 |
| CHRISTOPHER WILLIAMS, | : | |
| | : | SUBMITTED: January 20, 2016 |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE WECHT**                                              **DECIDED: July 19, 2016**

I join the learned Majority in affirming the lower court's order granting Christopher Williams ("Williams") a new trial pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The Majority astutely determines that the record and the applicable law support the PCRA court's finding that direct appeal counsel rendered constitutionally ineffective assistance to Williams.

I write solely to distance myself from the Majority's rejection of the PCRA court's reliance upon Dr. Charles Wetli's testimony to support its conclusion that trial counsel's "failure to consult with experts in preparation for the defense left him unable to challenge key inconsistent aspects of [the Commonwealth's evidence], to be able to appropriately cross-examine the Commonwealth experts, or to present his own expert testimony in rebuttal." PCRA Ct. Op. at 29.

As the Majority recognizes, Dr. Wetli is the former Chief Medical Examiner for Suffolk County, New York. At the PCRA hearing, Dr. Wetli testified as an expert in forensic pathology. In his opinion, to a reasonable degree of medical and forensic certainty, the location and condition of the victims' bodies and clothing materially were inconsistent with the version of events as recounted by James White, the Commonwealth's primary witness against Williams, who stated that he observed Williams either toss or throw the victims' bodies from a moving vehicle. Maj. Slip Op. at 22. Based upon his experience examining bodies expelled from moving vehicles, Dr. Wetli testified that he would have expected to see evidence of injury to the victims' bodies or damage to their clothing. Dr. Wetli opined that there was no evidence to support White's testimony that the victims were thrown from a moving vehicle.

Mindful that "[o]ur standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and is free of legal error," Commonwealth v. Hutchinson, 25 A.3d 277, 284 (Pa. 2011), and that we are bound by the PCRA court's credibility determinations when they are supported by the record, id., I cannot agree with the Majority's rejection of Dr. Wetli's testimony. The PCRA court implicitly credited Dr. Wetli's opinion that the absence of damage to the clothing or injury to the bodies

was inconsistent with what an expert in forensic pathology would have expected to see on bodies thrown from a moving vehicle, and considered this testimony to be supportive of Williams' claim that trial counsel was ineffective for failing to consult with or to retain any experts in this case. PCRA Ct. Op. at 23; 29. As the arbiter of credibility, the PCRA court was entitled to rely upon this testimony. Indeed, testimony from the Commonwealth's expert witness, Dr. Samuel Gulino, was consistent with Dr. Wetli's testimony in this regard. Id. at 24-25. In my view, the record supports the PCRA court's conclusion that the expert testimony presented at the PCRA hearing rendered White's testimony incredible. See Maj. Slip Op. at 24.

The Majority rejects the PCRA court's conclusion that Dr. Wetli's testimony would have helped the defense, and holds that, to the extent Williams' claim of trial counsel ineffectiveness rested upon Dr. Wetli's testimony, it lacks arguable merit. I disagree. In dismissing Dr. Wetli's testimony, the Majority acknowledges that, although it would have been helpful to the defense, its benefit was marginal at best. According to the Majority, the Commonwealth's cross-examination of Dr. Wetli "left very little force to his opinion." Maj. Slip Op. at 31. The Majority has not explained, however, the extent to which the Commonwealth undermined Dr. Wetli's testimony through cross-examination at the PCRA hearing. More importantly, the PCRA court found Dr. Wetli's expert testimony credible, and apparently was not swayed by the cross-examination that the Majority now credits with undermining that testimony. As an appellate court, we are bound by the PCRA court's credibility determination in favor of Dr. Wetli. We may not discount this testimony now because of cross-examination that the PCRA court found unpersuasive. In doing so, the Majority has exceeded our appellate boundaries.

The Majority also opines that Dr. Wetli's testimony was unpersuasive because he was unable to say with any degree of certainty precisely "what should have occurred with regard to the bodies," and, although he believed that it was unlikely that the murders occurred in the manner that White described, he conceded that it was possible. Id. This purported testimonial weakness did not, however, cause the PCRA court to doubt the witness' expert opinion that there was no evidence that the bodies were thrown from a moving vehicle. PCRA Ct. Op. at 23-24 (observing that, although Dr. Wetli testified that it was "possible" for the bodies to have been thrown from the van, he qualified this statement by explaining that "I would be very surprised if that, in fact, was the case based on the total lack of evidence for any such occurrence"). The Majority's second-guessing as to the persuasiveness of Dr. Wetli's testimony, and its selective use of portions of his testimony for purposes of discounting his expert opinion, violates our obligation to defer to the PCRA court's credibility determinations that are supported by the record.

I also decline to join in the Majority's speculation that Dr. Wetli's testimony would have been inadmissible at Williams' trial pursuant to Rule 702 of the Pennsylvania Rules of Evidence because the testimony involved a matter of common sense, rather than a matter beyond the ken of "the average layperson." Pa.R.E. 702. Trial counsel had a duty to investigate the circumstances of the case, a duty which involved an independent investigation and understanding of the physical and medical evidence. See Commonwealth v. Bailey, 390 A.2d 166, 170 (Pa. 1978). The PCRA court concluded that trial counsel's failure to consult with experts in preparation for the defense left him unable to challenge the Commonwealth's evidence. PCRA Ct. Op. at

29. Rule 702 has no bearing upon counsel's obligation to investigate, nor upon counsel's failure to do so in this case. The Majority advances this dubious hypothesis without advocacy, and premises this notion upon nothing more than speculation. I can discern no reason to inject Rule 702 into the consideration of Williams' ineffectiveness claim on appeal, and I distance myself from the Majority's decision to do so.

In all other respects, I join in the Majority's opinion.