J-S03024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NATHANIEL W. JOHNSON | : | |
| | : | |
| Appellant | : | No. 1196 EDA 2016 |

Appeal from the Judgment of Sentence December 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003440-2011

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 28, 2018**

Nathaniel W. Johnson appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas. On appeal, he challenges the mandatory minimum sentence imposed pursuant to the "third strike" provision in 42 Pa.C.S.A. § 9714. We affirm.

We briefly recount the relevant facts of this case. Appellant brought his brother's eleven-year-old goddaughter to his house and raped her. Following the incident, the victim exhibited extreme behavioral changes. She later revealed a page in her diary recounting the incident to a social worker, who reported it to authorities. Appellant was charged with rape of a child, unlawful

---

* Former Justice specially assigned to the Superior Court.

contact with a minor, unlawful restraint, corruption of minors, and indecent assault.[1] And a jury convicted him of all those offenses.

At sentencing, Appellant challenged the Commonwealth's assessment that his crimes qualified for Pennsylvania's "third strike" mandatory minimum. That statute provides, in part, that any person convicted of two or more crimes of violence shall be sentenced to a minimum of 25 years' incarceration. *See* 42 Pa.C.S.A. § 9714(a)(2). Appellant admitted his 1984 conviction for robbery qualified as a crime of violence under the statute, but countered that his 1965 conviction for second-degree murder did not. Appellant indicated § 9714(g), defining "crimes of violence," lists third-degree murder and voluntary manslaughter, but does not specifically include second-degree murder. In response, the Commonwealth argued when Appellant was convicted, only first and second-degree murder were codified crimes. The Commonwealth cited caselaw indicating the crime of second-degree murder in 1965 closely mirrored the present definition of third-degree murder. The sentencing court agreed, and imposed an aggregate term of 25-50 years' incarceration. This appeal is now before us.

Appellant's sole issue on review challenges the sentencing court's assessment of his 1965 second-degree murder conviction as a crime of violence under § 9714(g). Appellant argues that because second-degree murder is not specifically enumerated in § 9714(g), it cannot qualify as a crime

---

[1] 18 Pa.C.S.A. §§ 3121(c); 6318(a)(1); 2902(a)(1); 6301(a)(1)(ii); and 3126(a)(7), respectively.

- 2 -

of violence. Appellant deduces he should not have been sentenced pursuant to the mandatory minimum, as he did not commit two qualifying crimes of violence, and concludes we must vacate his judgment of sentence, and remand for resentencing. He is mistaken.

Appellant challenges the legality of his sentence. "The classic claim of an 'illegal sentence' is one that exceeds the statutory limits." **Commonwealth v. Hansley**, 47 A.3d 1180, 1189 (Pa. 2012) (citation omitted). "Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Brougher**, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

The Sentencing Code provides, in relevant part:

> Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. …

42 Pa.C.S.A. § 9714(a)(2).

As the trial court notes in its opinion, § 9714(g) specifically enumerates qualifying crimes of violence, and includes any "equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense[.]" 42 Pa.C.S.A. § 9714(g). Subsection (g) lists murder of the third degree as a crime of violence.

- 3 -

At the time Appellant committed second-degree murder in 1965, that crime was defined as follows:

> **(a) Murder of the first degree.**—A criminal homicide constitutes murder of the first degree when it is committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate, and premeditated killing. A criminal homicide constitutes murder of the first degree if the actor is engaged in or is an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary, or kidnapping.
>
> **(b) Murder of the second degree.**—All other kinds of murder shall be murder of the second degree. Murder of the second degree is a felony of the first degree.

18 Pa.C.S.A. § 2502 (Historical and Statutory Notes).

Presently, the Crimes Code classifies the crime of murder using three degrees:

> **(a) Murder of the first degree.**—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.
>
> **(b) Murder of the second degree.**—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.
>
> **(c) Murder of the third degree.**—All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

18 Pa.C.S.A. § 2502(a)-(c).

And the Pennsylvania Supreme Court has acknowledged, "murder of the second degree has been reclassified as murder of the third degree and felony

murder has been reclassified as murder of the second degree." ***Commonwealth v. Moore***, 373 A.2d 1101, 1103 n. 4 (Pa. 1977) (citation omitted). Second-degree murder as defined at the time of Appellant's conviction in 1965 is effectively aligned with the present definition of third-degree murder, making these "equivalent" crimes under § 9714(g). Thus, Appellant's contention that his second-degree murder conviction does not qualify as a prior crime of violence for sentencing purposes is unavailing, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/18